(Court of Appeal, Parish of Orleans.)

## ROYAL & BURKE vs. WM. ANDREW COLLINS.

### In Re, Appeal of Frederick Rapp.

Involves only issues of fact.

Appeal from the Civil District Court, Division "E."

F. R. Richardson, plaintiff and appellee.

W. A. Collins, Attorney.

G. F. Bartley, for F. Rapp, appellant.

ST. PAUL, J.—This matter involves only issues of fact. Defendant, Collins, is a mere stakeholder, as it were, and has deposited in Court the sum of $264.00, of which $203.75 is in dispute between the plaintiffs, Royal & Burke, and the appellant, Frederick Rapp, the balance of $60.25 admittedly belongs to said plaintiffs.

To make a long story short, Collins let a contract to plaintiff to fill certain lots to city grade. The grade was established by a competent surveyor and stakes were set at the proper height.

Plaintiffs sub-let the contract to appellant, who claims however that the contract he made with plaintiffs was not to fill the lots to "city grade," but only to the height of the stakes as actually set up.

There is considerable conflict in the testimony, which however, the district Judge resolved against appellant, and the preponderance of this evidence fully sustains his finding.

But this is entirely immaterial, for it is conclusively shown that the grade stakes were originally set up at the proper city grade, and that appellant failed and refused to fill the lots to the height established by those stakes, although duly called upon to do so.

Plaintiffs claim is for the cost of completing the contract and also for the hire of some carts leased to appellant even before he defaulted on his contract.

We think, however, that plaintiffs' claim is not established by the evidence except for the sum of $107.70. The bill sued on, and annexed to a pleading termed an answer, is made up by consolidating two bills (Documents P. 1 and P. 2) which on their face are practically duplicates of each other; that is to say, the items of the one are identical with those of the other. There is some difference in the extensions, but this is accounted for by the fact that one bill (P. 1) was extended by plaintiffs, and the other (P. 2) was not extended by them but appears to have been extended by some third person not named.

Apparently each partner severally made up a bill, one with extensions, the other without them; hence the confusion.

We are confirmed in our conviction that the two bills cover the same items, not only on account of the similarity in the items themselves, but also because at the time appellant defaulted on his contract, it would have required approximately only 50 cubic yards of earth to complete the filling, according to the certificate of the surveyor, who also testified that the cost thereof would be about $26. And this estimate of the cost corresponds very nearly with the testimony of one of the plaintiffs' that the minimum load for a cart would be two thirds of a cubic yard (18 cubic feet) and the least number of

loads for the distance (five blocks) would be twelve. Hence one cart should have hauled at least eight cubic yards per day, and should have completed the contract in a little more than six working days, which at three dollars per day, the price charged, would make about $20.00.

Now in point of fact plaintiffs' charge for hauling done after appellant defaulted, on Document P. 1 alone, is $31.85; but the aggregate charge for the same hauling according to the bill sued on, (made up of the charges on both P. 1 and P. 2), amounts to $80.00, or from three to four times as much as it should have cost.

We therefore conclude that plaintiffs are entitled only to the amount of their claims as figured by themselves on Document P. 1, that is to say $107.70; which with the amount not disputed ($60.25), making the amount coming to them from the fund on deposit, $167.95.

Appellate on the other hand is entitled to the amount claimed by him, to-wit, $244.00 less however, $40.25, paid by plaintiffs on account, and less also the amount of plaintiffs claim, say $107.70; making the amount coming to him out of the fund on deposit, the sum of $96.05.

These two amounts, $167.95 and $96.05. aggregate the full amount of the deposit, $264.00.

In the matter of costs, we have cast plaintiffs for those incurred on appeal because of the amendment which we have made in the judgment, and we have cast the appellant for the costs of the lower Court because the main issue is decided against him and all those costs were incurred in litigating over that issue alone.

It is therefore ordered that the judgment appealed from be so amended as to recognize that appellant, Frederick Rapp, is entitled to the sum of ninety-six 05/100 dollars out of the fund herein deposited in the

registry of court, and that plaintiffs, Royal & Burke, are entitled to the balance of said deposit, say the sum of one hundred and sixty seven 95/100 dollars; and that in all other respects the judgment appealed from be affirmed; plaintiff to pay the costs of appeal, and the costs of the Court below to be borne by appellants.

April 29th, 1912.

Rehearing refused, May 27th, 1912.